IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RODERIC DEMOND JAMES | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-179 |
| ZENA STEPHENS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Roderic DeMond James, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Sheriff Zena Stephens and Judge John Stevens. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc. #1), Plaintiff asserts that he is illegally confined. He states that on July 21, 2021, he was unlawfully arrested and that an illegal search was performed. Plaintiff alleges he was arrested without a warrant and without probable cause. He states that when he was taken in, he gave a statement as a result of threat. Plaintiff contends he was never informed of his constitutional rights. He asks the court to direct that the felony theft charge against him be dismissed.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While

a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

## Analysis

As described above, Plaintiff seeks dismissal of the state felony charge against him. Generally, federal courts do not interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Federal courts are barred from considering a lawsuit when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity to raise constitutional challenges in the state proceeding. *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). If these three criteria are met, a federal court may exercise jurisdiction only if one of three exceptions applies. *Id*. A federal court may disregard *Younger* if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the plaintiff; (2) the state statute flagrantly violates constitutional prohibitions as written and as applied in any circumstance; or (3) application of the *Younger* doctrine was waived. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The *Younger* abstention doctrine applies in this case because granting Plaintiff the relief he seeks would interfere with an ongoing state criminal proceeding, the state has an important interest in enforcing its criminal laws, and Plaintiff has an opportunity to raise his constitutional claims during the state proceedings. Plaintiff has not demonstrated that any of the three exceptions to abstention apply in this instance. As Plaintiff seeks dismissal of the state criminal charge against him, the *Younger* abstention doctrine prevents consideration of his claim.

## Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 30th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE